## MARTHA WHITTINGHAM ET AL. v. RICHARD HOPKINS ET AL.

Submitted December 10, 1902—Decided February 24, 1903.

A slight variation in laying out a public road, due to the erection of houses by the prosecutors upon the line described in the application for the road, will not lead to the nullification of the proceedings of the surveyors.

On *certiorari*.

Before Justices GARRISON and GARRETSON.

For the prosecutors, *Chauncey G. Parker* and *Simeon H. Rollinson*.

For the defendant, *Blake & Howe*.

The opinion of the court was delivered by

GARRISON, J. The return to this writ of *certiorari* brings up the proceedings of surveyors in laying out a public road. It is objected that the notices of application for the appointment of surveyors and of their acting were not set up as required by law, in that two of them were posted at railroad stations, the claim being that railroads are private property, and hence are not public places. This claim is sound neither in its premises nor its conclusion, if reference be had to the sense in which the word *public* is used in these proceedings. Where notoriety is the object to be attained, the most public places are those that afford the most publicity, without regard to the title of the owner of the property. See, also, *State* v. *Schanck*, 4 *Halst.* 108.

2. The objection that the return was not properly signed is not supported. See the case above cited.

3. The misdating of the return is shown to be a mere clerical error.

4. The prosecutor, Walton C. Whittingham, had actual

notice, was on the ground with the surveyors and objected to the road.

5. The variation of ninety feet in the terminal point of the road as laid is explained in the return of the surveyors to be due to the act of the prosecutor, Walton C. Whittingham, acting either for himself or as agent for his mother, the other prosecutor, in building three houses on the line of the road, as set forth in the application. If this had been the sole ground upon which the application for this writ had been rested and the facts had been disclosed, it would have been within the sound discretion of the justice of the Supreme Court to whom the application was made to have withheld his *allocatur.* The same discretion is now open to this court in dealing with this reason. *State* v. *Woodward,* 4 *Halst.* 21.

The prosecutors, in point of fact, created the condition that led to the variation of which they now complain. The variation is not material and affects no rights that were not involved in the application for the writ. The prosecutors were not misled into acquiescence, for they did not acquiesce, but objected, and their objections have been heard. We think that the change of course necessitated by their conduct cannot be successfully urged as a reason for nullifying the return of the surveyors.

The action taken in the court below on these proceedings is affirmed.